**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ENRIQUE ESCOBAR | |
| Plaintiff, | CIVIL ACTION |
| v. | CASE NO.: 1:19-cv-00911 |
| MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

**CLASS ACTION COMPLAINT**

Plaintiff, ENRIQUE ESCOBAR, by and through his counsel, James C. Vlahakis of SULAIMAN LAW GROUP, LTD, and complaining against the Defendants, MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC (at times "Defendants"), presents this Civil Action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(a), 23(b)(2) and 23(b)(3):

**I.    Introduction**

1.    Plaintiff ENRIQUE ESCOBAR ("Plaintiff") brings this civil action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (the "FDCPA") to remedy Defendants' unlawful collection techniques relative time-barred consumer debt.

2.    As described below, Defendant MIDLAND FUNDING LLC ("Midland") purchases debts, including, time-barred debts from original creditors.

3.    Midland uses Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") to collect time-barred debts on its behalf.

4.    Midland receives data from original creditors where the data identifies the name of the debtor, the known address of a debtor, the date of the debtor's last payment, the date of default and the date of any subsequent payment or payments.

1

5.     Prior to actively collecting purchased debts, Midland and/or MCM analyze the date of a debtor's last payment, the date of default and the date of any subsequent payment or payments.  Midland and/or MCM utilize and analyze these dates, as well as the debtor's known residence to calculate the applicable the statute of limitation and determine whether and when the applicable the statute of limitation has expired.

6.     Despite undertaking these steps, Defendants' standard form collection letters do not identify the particular statute of limitation applied to the debt or date that the applicable statute of limitations expired.

7.     Defendants' standard form collection letters do not identify the method or manner in which any statute of limitation has been applied to the subject debt.

8.     Rather, than informing consumers that Defendant cannot sue them to collect a given debt, Defendants' standard form collection letters generically state:  "[t]he law limits how long you can be sued on a debt" and "[b]ecause of the age of your debt, we will not sue you for it."

9.     As discussed below, rather than identify the applicable statute of limitation and the method of calculating the date, Defendants' standard form collection letters are purposefully drafted, formatted and worded to deceive, materially mislead and misinform consumers about their rights relative to time-barred debt.

10.     As detailed below, Defendants drafted, approved and/or transmitted thousands of collection letters where the collection letters did not inform the recipients that they could not sue the recipients to collect the subject debts.

11.     Additionally, despite stating that the subject debt is time-barred, MCM's collection agents did not inform Plaintiff during certain telephone conversations that the subject debt was time-barred under the law.

12.     Additionally, despite determining that Midland and/or MCM cannot sue consumers to collect time-barred debts, in addition to Plaintiff, on information and belief, MCM's collection agents have failed to provide oral time-barred debt disclosures to over forty (40) similarly situated persons.

## II.     Jurisdiction, Parties and Venue

13.     Subject matter jurisdiction exits pursuant to 28 U.S.C. §§ 1331, 1337 because this is a civil action brought pursuant to the FDCPA.

14.     Plaintiff is natural person residing in Texas.

15.     As detailed below, Plaintiff received a credit solicitation letter from Avant Credit III Trust, a Chicago, Illinois based creditor.  Alternatively, Plaintiff received a credit solicitation letter from Avant, Inc., an Illinois based creditor.

16.     Plaintiff responded to the credit solicitation and received monies from Avant Credit III Trust and/or Avant, Inc.

17.     The purpose of the financial transaction was for Plaintiff's personal use.

18.     Plaintiff eventually defaulted on his repayment obligations to Avant Credit III Trust and/or Avant, Inc.

19.     Defendant Midland is incorporated in the State of Delaware and its principal place of business is located in San Diego, California 92108.

20.     Midland purchases time-barred debt from original creditors.

21.     Midland  "is one of the nation's largest purchasers of unresolved consumer debt."  www.midlandcreditonline.com/who-is-mcm/midland-credit-management-real-company/

22.     According to Midland, "[m]any lenders sell the right to collect on your account to companies like Midland Funding LLC." www.midlandcreditonline.com/who-is-mcm/

23. Defendant MCM is incorporated in the State of Kansas and its principal place of business is located in San Diego, California 92108.

24. MCM services unsecured consumer debt in the United States.

25. MCM collects consumer debts on behalf of Midland.

26. Encore Capital Group, LLC ("Encore"), is Midland's parent company.

27. On behalf of Midland, MCM sent at least two, and up to a dozen collection letters to Plaintiff in an effort to collect a debt that Plaintiff allegedly owed to Avant Credit III Trust and/or Avant, Inc. See, Exhibit A, December 24, 2018, Collection Letter, and Exhibit B, January 8, 2019, Collection Letter.

28. Section 1692a(6) of the FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

29. MCM is a "debt collector" as defined by Section 1692a(6) of the FDCPA because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as the term "debt" has been defined by the FDCPA.

30. MCM is also a "debt collector" as defined by Section 1692a(6) of the FDCPA because it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, as the term "debt" has been defined by the FDCPA.

31. Midland regularly purchases "consumer" "debt" from original creditors as the terms "consumer" and "debt" are defined by Sections 1692a(3) and 1692a(5) of the FDCPA.

32.     Midland regularly purchases "consumer" "debt" from business entities other than original creditors as the terms "consumer" and "debt" are defined by Sections 1692a(3) and 1692a(5) of the FDCPA.

33.     Midland regularly purchases "consumer" "debt" from business entities that have previously purchased from original creditors as the terms "consumer" and "debt" are defined by Sections 1692a(3) and 1692a(5) of the FDCPA.

34.     Midland is a "debt collector" as defined by §1692a(6) because it regularly purchases debts, as the term "debt" has been defined by the FDCPA, after the debt was already in default, and indirectly, through MCM, uses mail and telephone calls to collect these defaulted debts.

35.     Midland is liable for the acts of its agent, MCM.

36.     Section 1692a(2) of the FDCPA defines the term "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."

37.     The December 24, 2018, Collection Letter is a "communication" as the term is defined by Section 1692a(2) of FDCPA.

38.     The January 8, 2019, Collection Letter is a "communication" as the term is defined by Section 1692a(2) of FDCPA.

39.     Section 1692a(3) of the FDCPA defines the term "consumer" to mean "any person obligated or allegedly obligated to pay any debt."

40.     In transmitting the December 24, 2018, Collection Letter, and the January 8, 2019, Collection Letter, Defendant MCM and Midland considered Plaintiff a person

obligated to pay "debt", and thus considered Plaintiff to be a consumer as defined by Section 1692a(3) of the FDCPA.[1]

41.    Midland has purchased over 40 consumer debts from Avant Credit III Trust as the terms "consumer" and "debt" are defined by Sections 1692a(3) and 1692a(5) of the FDCPA.

42.    Midland has purchased over 40 consumer debts from Avant, Inc. as the terms "consumer" and "debt" are defined by Sections 1692a(3) and 1692a(5) of the FDCPA.

43.    The alleged former creditor(s), Avant Credit III Trust and/or Avant, Inc., provide and have provided loans to consumers located within and outside of the State of Illinois.

44.    One of the alleged creditor(s), Avant Credit III Trust, has provided loans to over forty (40) persons where Avant Credit III Trust's records list the residents as having postal addresses located within the State of Illinois.

45.    One of the alleged creditor(s), Avant Credit III Trust, has provided loans to over forty (40) persons where Avant Credit III Trust's records list the residents as having postal addresses located within the State of Texas.

46.    One of the alleged creditor(s), Avant, Inc., has provided loans to over forty (40) persons where Avant Credit III Trust's records list the residents as having postal addresses located within the State of Illinois.

---

[1] Section 1692a(5) of the FDCPA defines the term "debt" to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

47.     One of the alleged creditor(s), Avant, Inc., has provided loans to over forty (40) persons where Avant Credit III Trust's records list the residents as having postal addresses located within the State of Texas.

48.     Avant Credit III Trust's registered agent is Wilmington Trust, National Association, listed at Rodney Square North, 1100 North Market Street, Wilmington, DE, 19890.

49.     Avant Credit III Trust is incorporated under the laws of the State of Delaware according to a State of Delaware's Department of State, Division of Corporation's entity details website search result run on January 24, 2019, and screen captured on January 24, 2019:



50.    Avant, Inc. is or was a incorporated under the laws of the State of Delaware appears to be listed as an inactive corporation according to a State of Delaware's Department of State, Division of Corporation's entity details website search result run on January 24, 2019, and screen captured on January 24, 2019:



51.    Avant, Inc. is or was a incorporated under the laws of the State of Delaware and is listed as a "withdraw" corporation as reflected by the Illinois Secretary of State's website Corporation File Detail Report which is reflected by the January 24, 2019, screen capture:



52.   Avant Credit III does not result in any search results on the Illinois Secretary of State's website Corporation File Detail Report as reflected by the January 24, 2019, screen capture:



53.     By and through the Collection Letters, Defendants contend that Avant Credit III Trust and/or Avant, Inc. provided a loan to Plaintiff.

54.     By and through the Collection Letter, Defendants contend that "MIDLAND FUNDING LLC" is the "Current Owner" of the subject debt.

55.     On information and belief, Avant Credit III Trust is headquartered and/or operated out of 222 N. LaSalle, Suite 1700, Chicago, IL, 60601.

56.     On information and belief, Avant Inc. is headquartered and/or operated out of 222 N. LaSalle, Suite 1700, Chicago, IL, 60601.

57.     Avant Credit III Trust provides and/or has provided loans to consumers located within and outside of the State of Illinois.

58.     Avant, Inc. provides and/or has provided loans to consumers located within and outside of the State of Illinois.

59.     On information and belief, based upon representations made by Avant Credit III Trust and/or Avant, Inc., the subject consumer law is "shall be governed by the laws of the State of Illinois . . . ."

60.     On information and belief, according to representations made by Avant Credit III Trust and/or Avant, Inc. the applicable venue for jurisdictional purposes for any dispute related to the subject consumer loan is "state and federal courts in Cook, County, Illinois."

61.     To the extent that Defendants "step in to shoes of" Avant Credit III Trust and/or Avant, Inc., jurisdiction and venue in this district is proper.

62.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because Avant Credit III Trust and/or Avant, Inc. conducted and conducts business in the Northern District of Illinois.

63.     Further, Venue is proper in this district because Defendants send thousands of debt collection letters to residents of this district on a yearly basis.

## III.     Causes of Action

### A. The Collection Letters Fail to Identify the Applicable Statute of Limitations and is Otherwise False and Misleading

64.     Defendant MCM, on behalf of Defendant Midland, sent a letter to Plaintiff December 24, 2018, (hereafter the "December 24, 2018, Collection Letter").  A copy of the December 24, 2018, Collection Letter is attached as Exhibit A.

65.     The December 24, 2018, Collection Letter represents that the subject debt is out of statute by stating the following:  "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

66.     Defendant MCM, on behalf of Defendant Midland, sent a letter to Plaintiff January 8, 2019, (hereafter the "January 8, 2019, Collection Letter").  A copy of the January 8, 2019, Collection Letter is attached as Exhibit B.

67.     The January 8, 2019, Collection Letter represents that the subject debt is out of statute by stating the following:  "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

68.     Despite having information regarding the subject debt such as the date of default and the last payment made to the original creditor, the December 24, 2018, and January 8, 2019, Collection Letters do not identify the method or manner by which Defendants determined that is was appropriate to make the following representation: "Because of the age of your debt, we will not sue you for it."

69.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e(2)(A) prohibits "false representations[s]" regarding "the

character . . . or legal status of any debt." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

70.     Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

71.     As set forth herein, Defendants violated Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

**B. The Default Date Identified in the Collection Letters is False and Misleading**

72.     The January 8, 2019, Collection Letter states that the date of the default of the subject debt was April 1, 2015.

73.     The December 24, 2018, Collection Letter states that the date of the default of the subject debt was April 1, 2015.

74.     If the "Date of Default" for the subject debt was April 1, 2015, it is possible that the subject debt is not time-barred under the law, despite what is stated by Defendants in the December 24, 2018, Collection Letter, and the January 8, 2019, Collection Letter.

75.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2)(A) prohibits "false representations[s]" regarding "the character . . . or legal status of any debt." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

76.     Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

77.     The representation in the December 24, 2018, Collection Letter, and the January 8, 2019, Collection Letter, that the "Date of Default" for the subject debt was

April 1, 2015 is false and misleading when read in conjunction with the above quoted time-barred debt disclosures.

78.     The purported default date, in conjunction with the use of the phrase "[t]he law limits how long you can be sued on a debt. Because of the age of your debt", violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

### C. The Collection Letters Fail to Adequately Identify the Original Creditor

79.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e(2)(A) prohibits "false representations[s]" regarding "the character . . . or legal status of any debt."  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

80.     Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

81.     Both Collection Letters list the "Original Creditor" as:

AVANT CREDIT III TRUST
AVANT, INC.

82.     The Collection Letters fail to identify whether the original creditor to the subject debt was Avant Credit III Trust or Avant, Inc.

83.     To the extent that the Collection Letters do not adequately identify the original creditor, it is plausible that Defendants' initial written communication violated Section 1692g the FDCPA.

84.     Plaintiff, on information and belief, recalls receiving Defendants' initial written communication without one year of filing this Civil Action.

85.     Plaintiff reasonably believes that Defendants' records will identify the date the letter was mailed and a copy of the letter can be produced through discovery.

86.     The manner in which the Collection Letters identify the "Original Creditor" violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

### D. MCM Failed to Inform Plaintiff of the Time-Barred Nature of the Subject Debt During Telephone Discussions with Plaintiff

87.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e(2)(A) prohibits "false representations[s]" regarding "the character . . . or legal status of any debt."  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

88.     Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

89.     Despite the fact that both Collection Letters state that the "[t]he law limits how long you can be sued on a debt. Because of the age of your debt", to the best of Plaintiff's information, recollection, knowledge and belief, no account representative made an oral disclosure to Plaintiff which informed him that  "[t]he law limits how long you can be sued on a debt."

90.     Despite the fact that both Collection Letters state that the "[b]ecause of the age of your debt, we will not sue you for it", to the best of Plaintiff's information, recollection, knowledge and belief, no account representative made an oral disclosure to Plaintiff which informed him that  "[b]cause of the age of your debt, we will not sue you for it."

91.     Based upon the failure of account representatives to disclose either of the quoted phrases to Plaintiff during any telephonic discussion of the subject debt, one or both of the Defendants have violated Section 1692e) of the FDCPA.

92.     The failure to make to orally inform Plaintiff that the subject debt is time-barred violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

14

93.     Alternatively, informing Plaintiff that "we will not sue you" to collect the subject debt violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

**E. Collection Letters Failed to Properly and/or Adequately Explain the Time-Barred Nature of the Subject Debt**

94.     Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e(2)(A) prohibits "false representations[s]" regarding "the character . . . or legal status of any debt."  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

95.     Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

96.     The CFPB has stated that when a consumer debt is time-barred, a debt collector should "inform[] the consumer that, because of the age of the debt, the debt collector *cannot sue* to recover it."  See, SMALL BUSINESS REVIEW PANEL FOR DEBT COLLECTOR AND DEBT BUYER RULEMAKING, OUTLINE OF PROPOSALS UNDER CONSIDERATION AND ALTERNATIVES CONSIDERED, July 28, 2016, at 19 (emphasis supplied).[2]

97.     The CFPB recognizes that "*some* [debt collectors] currently disclose to consumers that they *cannot sue* to collect the debt."  *Id.* at p. 63 (emphasis supplied).

98.     The Collection Letters do not utilize the words "cannot sue".

99.     The Federal Trade Commission ("FTC") has also recognized that consumers can be confused by their legal rights regarding time barred debt:

> because most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, the

---

[2] A copy of this document is hosted by the CFPB at:
https://files.consumerfinance.gov/f/documents/Outline_of_proposals_under_consideration_and_alternatives_considered_embargoed.pdf

> Commission believes that in many circumstances such a collection attempt may create a misleading impression that the collector can sue the consumer in court to collect the debt, in violation of . . . the FDCPA.[3]

100. Similarly, the FTC and the CFPB have jointly recognized it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers:

> Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers.[4]

101. Because "most consumers" do not understand their legal rights when it comes to the collection of time barred debt, the above findings of the CFPB and FTC support that it is plausible that the Collection Letter could "create a misleading impression" with consumers relative to the question of whether Defendants could sue to collect the debt.

102. The Honorable John J. Tharp, Jr. denied a motion to dismiss where the collection letter included language similar to the Collection Letters: "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency." *Richardson v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 179746, *3, *7-*8 (N.D. Ill. Oct. 31, 2017).

103. According to Judge Tharp:

> The letter sent to Richardson includes an additional, preceding sentence that discusses time-barred debts: "The law limits how long

---

[3] See, REPAIRING A BROKEN SYSTEM: PROTECTING CONSUMERS IN DEBT COLLECTION LITIGATION AND ARBITRATION, Federal Trade Commission, July 2010 at 26 (2010 FTC Report), available at https://www.ftc.gov/reports/repairing-broken-system-protectingconsumers-debt-collection-litigation

[4] *See*, Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030) https://www.ftc.gov/sites/default/files/documents/amicus_briefs/juanita-delgado-v.capital-management-services-lp/130814delgadoamicusbrief.pdf

you can be sued on a debt." Thus, the question here is whether the preceding sentence (or anything else in the letter) dispels the misleading impression created by the following, "we will not sue you" sentence. The Court cannot conclude as a matter of law that it does. Although the preceding sentence indicates to the reader that there is a statute of limitations defense, an unsophisticated consumer may still be confused about whether the defense actually barred the defendants from suing on the debt. Stated differently, in reading both sentences together, a consumer could still "wonder whether [the collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt," *Pantoja*, 852 F.3d at 686, or because the limitations period had in fact expired.

*Id.* at \*7-\*8.

104. The Honorable Harry D. Leinenweber granted summary judgment against Midland and held that a collection letter was "materially misleading" where the collection letter used the following phrase – "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it[.]" *Pierre v. Midland Credit Management, Inc.*, 2018 U.S. Dist. LEXIS 18860, \*3, \*11-\*17 (N.D. Ill. Feb. 5, 2018).

105. Because the Collection Letters did not identify a particular statute of limitations and because the Collection Letters did not definitively stated "we cannot sue you", it was plausible (and reasonable) for Plaintiff to believe that Defendants retained the right to sue him to collect the subject debt.

106. The language used in the Collection Letters enticed Plaintiff to attempt to pay down the subject debt, which resulted in Defendant sustaining *actual damages* – in the form of payments he would not have otherwise made but for the above quoted language which failed to inform Plaintiff that Defendant could not sue him due to the age of the subject debt.

107. The use of the phrase "we will not sue you" to collect the subject debt violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA

17

because the phrase failed to properly and/or adequately explain the time-barred nature of the subject debt.

### F. Defendants' "Discount Program" Violates the FDCPA

108. Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(2)(A) prohibits "false representations[s]" regarding "the character . . . or legal status of any debt." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

109. Section 1692f of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

110. Upon information and belief, Plaintiff received one or more collection letters from Defendants which identified a so-called "discount program" to help Plaintiff pay off the subject debt.

111. The "discount program" was intended by Defendants to entice consumers to pay down or pay off otherwise time-barred debt.

112. After receiving one of Defendants' "discount program" letters, Plaintiff contacted Midland and agreed to pay off the purported balance in $10.00 increments.

113. Payments last payment of $10.00 appears to have taken place on November 2, 2018.

114. Upon information and belief, a payment of $10.00 was scheduled to take place on January 2, 2018. See Exhibit A.

115. Plaintiff, however, was unable to supply sufficient funds to make this payment.

116.    The January 8, 2019, Collection Letter stated, "your recently scheduled payment of $10.00 to Midland Credit Management, Inc. was declined/returned."  See Exhibit B.

117.    Just like the December 24, 2018, Collection Letter, the January 2, 2018, letter includes the phrase:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.  If you do not pay the debt, we may report it to the credit reporting agencies as unpaid.

See Exhibit B.

118.    The January 2, 2018, collection letter states that the date of the default of the subject debt was April 1, 2015.  See Exhibit B

119.    Defendants' use of the subject collection letter to collect time-barred debt violated Sections 1692e(2) and  1692e(5)  because the offer of a "discount program," read together with the conclusion providing that Defendants "will" not sue, instead of "cannot" sue, could lead the least sophisticated consumer to believe that Defendants had simply chosen not to sue—not that they were barred from doing so.

120.    Accordingly, the collection letter can therefore plausibly be read as making "false representation[s] about the character, amount, or legal status of [a] debt" in violation of 15 U.S.C. § 1692e(2)(A) or as making an implicit "threat to take [an] action that cannot legally be taken," in violation of 15 U.S.C. § 1692e(5).

**IV.    Summary of the CFBPB Consent Order**

121.    On September 3, 2015, Defendants entered into a consent order with the CFPB that enjoined Defendants from among other things: (1) attempting to collect time-barred debt; (2) procuring and submitting misleading affidavits in debt collection litigation; and (3) attempting to collect debt based on potentially inaccurate data.

122. The Consent Order is hosted on the CFPB's website at https://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf

123. Where the Consent Order refers to "Encore", it was collectively referring to the Defendants Midland and MCM along with Asset Acceptance Capital Corp.

124. Paragraph 22 of the Consent Order states that "[f]om 2009 to 2015, Encore paid about $4 billion for approximately 60 million Consumer accounts with a total face value of $128 billion."

125. Paragraph 27 of the Consent Order states that "Debt sellers . . . typically did not inform Encore which individual accounts in a given portfolio contain an approximate balance, are past the applicable statute of limitations for litigation, past the date of obsolescence for credit reporting, or were previously disputed by a Consumer."

126. Paragraph 30 of the Consent Order states that "Debt sellers have provided data files to Encore containing inaccurate information as to . . . the age of the Debt, the amount of the Debt, the interest rate, and other material information about the Debt."

127. Paragraph 32 of the Consent Order states that "Sellers typically have not provided Encore with any Consumer-level documentation about most individual Debts, such as account statements, records of payments, and the underlying contracts signed by the Consumers."  Paragraph 32 of the Consent Order states that "Encore has had to order these documents from sellers, often at an additional cost to Encore."

128. Paragraph 68 of the Consent Order describes how Defendants used collection calls to improperly influence consumers to pay time-barred debt:

> Encore has trained its collectors to "create urgency" when collecting Time-Barred Debt through telephone calls. For example, for one portfolio Encore knew contained a high percentage of Time-Barred Debt, collectors were instructed to "[e]ducate [the] consumer, as to

20

how nonpayment of bill will impact him," by telling him "[i]t is important for me to establish your intentions towards the bill or else it will be taken as your refusal to resolve" after which the account ·will be "forwarded for further management review" so that "further collection activities will be decided."

129.    Paragraph 90 of the Consent Order describes how Encore's collection agents improperly  attempted to influence consumers to pay time-barred debt:

In numerous instances, in connection with collecting or attempting to collect Debt that is beyond the applicable statute of limitations from Consumers, Encore represented, directly or indirectly, expressly or by implication, that Consumers had a legally enforceable obligation to pay the Debt.

130.    Paragraph 91 of the Consent Order states that "Consumers do not have a legally enforceable obligation to pay Debt that is beyond the applicable statute of limitations."

131.    Paragraph 92 of the Consent Order states that Encore's "representations are material because they are likely to affect a Consumer's choice or conduct regarding how to respond to an allegedly outstanding Debt claim and are likely to mislead Consumers acting reasonably under the circumstances."

132.    Paragraph 93 of the Consent Order determined that Encore's "representations set forth in Paragraph 90 are false or misleading and constitute a deceptive act or practice in violation of Sections 1031(a) and 1036(a) of the CFPA, 12 U.S.C. §§ 5531(a) and 5536(a)."

133.    Paragraph 112 of the Consent Order states that "[i]n numerous instances, in connection with collecting or attempting to collect Debt that is beyond the applicable statute of limitations from Consumers, Encore represented, directly or indirectly, expressly or by implication, that Consumers had a legally enforceable obligation to pay the Debt."

134.    Paragraph 113 of the Consent Order states that "Consumers do not have a legally enforceable obligation to pay Debt that is beyond the applicable statute of limitations."

135.    Paragraph 114 of the Consent Order determines that "the representations set forth in Paragraph 112 are false or misleading and constitute a deceptive act or practice in violation of Sections 807, 807(2)(A), 807(5), and 807(10) of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10)."

136.    As noted above, to the best of Plaintiff's recollection, he was not told that the subject debt was time-barred when he spoke with Defendant's account representatives during phone conversations leading up to him agreeing to pay down the subject debt.

**V.      Additional Allegations**

137.    The Collection Letters do not state that payment towards the debt could, as a matter of law, restart the statute of limitations on the Subject Debt.

138.    The Collection Letters do not state that Defendants will not restart the statute of limitations on the Subject Debt based upon a partial payment.

139.    Because of these omissions, Plaintiff was confused and had his rights violated by the fact Defendants never mailed a letter to Plaintiff which informed him that a payment towards the subject debt would operate restart the statute of limitations for time-barred debt.

140.    Defendants intentionally worded, drafted and formatted Collection Letters for the sole purpose of inducing consumers like Plaintiff to pay part or all of a time-barred debt.

141.    Defendants' use of the phrase "will not sue you" was misleading and deceptive because as a matter of law - Defendants *cannot* sue Plaintiff for time-barred debt.

142.    Defendants have declined to use the phrase "cannot sue you" and instead use the phrase "will not sue you."

143.    The Collection Letters were drafted to mislead, deceive and confuse debtors such as Plaintiffs.

144.    As noted above, on information and belief, Plaintiff's underling credit agreement with Avant Credit III Trust and/or Avant, Inc. is governed by Illinois law.

145.    Under Illinois law, repayment of a debt which has expired due to the statute of limitations will be revived through payment by the debtor.

146.    Under Illinois law, "[a]n unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, it is sufficient to revive the debt against the Statute of Limitations." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

147.    Under Illinois law, "[i]f the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

148.    Under Illinois law, "[a] new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt[.]" *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

149.    One or both of the Defendants determined that collections would be more successful if collection letters used the words "we will not sue you" as opposed to the words "we cannot sue you."

150.    Defendants decided to use the words "we will not sue you" because they have determined that the words "we will not sue you" would result a higher success rate of payments than using the words "we cannot sue you."

151.    Defendants continue to use the words "we will not sue you" because they have determined that the words "we will not sue you" will result in a higher success rate of payments as opposed to using the words "we cannot sue you."

152.    Defendant MCM utilized third-parties to conduct research into what words and what combination of words in a collection letter are more likely to induce debtors to pay the debt referenced in the collection letter.

153.    Defendant Midland utilized third-parties to conduct research into what words and what combination of words in a collection letter are more likely to induce debtors to pay the debt referenced in the collection letter.

154.    On information and belief, one or more of the Defendants has conducted specific research relative to the collection efficiency related to the use of the words "we will not sue you" as opposed to the words "we cannot sue you."

155.    Defendants can and do track whether consumers have submitted payments within a prescribed period after receipt of a collection letter.

156.    For example, with regard to the transmission of a letter using the words "we will not sue you", Defendants can run computer searches to determine whether payment was or was not made without a particular time-frame.

157. Specifically, Defendants can run computer searches to determine if consumers submitted a payment within a specific time period after being sent a collection letter using the words "we will not sue you."

158. If no payment is received within a specific time-period after the transmission of collection letter using the words "we will not sue you", Defendants have protocols in place to transmit a follow up letter within a prescribed period.

159. Defendants have been sued in various jurisdictions for utilizing the words "we will not sue you" as opposed to the words "we cannot sue you."

160. Despite these many suits, Defendants continue to use the words "we will not sue you" because they have determined that these words will result in higher incidents of payments as opposed to using the words "we cannot sue you."

161. Accordingly, for these reasons, Defendants' use of the words "we will not sue you" as opposed to using the words "we cannot sue you" was intentionally deceptive and designed to induce consumers to pay debts that are time-barred.

162. Plaintiff suffered actual damages to the extent he made partial payments towards an otherwise time-barred debt.

163. Accordingly, Pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to actual damages, attorneys' fees and costs.

164. Alternatively, pursuant to 15 U.S.C. § 1692k, Plaintiff and the Class are entitled to statutory damages, attorneys' fees and costs.

**VI.     Causes Of Action**

**COUNT I – Failure to Identify the Applicable Statute of Limitations**

165. Plaintiff repeats and realleges the above allegations as though fully set forth herein.

166.    The failure of the December 24, 2018, and January 8, 2019, Collection Letters to identify the statute of limitation that Defendants are applying to the subject debt(s), the date of the expiration and the method and manner in which Defendants calculated the date(s), constitute violations of Sections 1692e, 1692e(2)(A) 1692e(10) and 1692f of the FDCPA.

167.    Pursuant to 15 U.S.C. § 1692k, Plaintiff and each class member is entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants as follows:

   a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.    Certifying this Count as a class action;

   c.    Awarding Plaintiffs statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

   d.    Awarding Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;  and

   e.    Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – The Identified Default Date Violates the FDCPA**

168.    Plaintiff repeats and realleges the above allegations as though fully set forth herein.

169.    The purported default date, in conjunction with the use of the phrase "[t]he law limits how long you can be sued on a debt. Because of the age of your debt", violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

170.    The default identified in the Collection Letters appears to conflict with the above language, especially to the extent that neither of the Collection Letters identify the specific statute of limitation that applies to the subject debt.

26

171.    Pursuant to 15 U.S.C. § 1692k, Plaintiff and each class member is entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants as follows:

     a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

     b.  Certifying this Count as a class action;

     c.  Awarding Plaintiffs statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

     d.  Awarding Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;  and

     e.  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III – The Letters Fail to Adequately Identify the Original Creditor**

172.    Plaintiff repeats and realleges the above allegations as though fully set forth herein.

173.    The manner in which the Collection Letters identify the "Original Creditor" violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

174.    Pursuant to 15 U.S.C. § 1692k, Plaintiff and each class member is entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants as follows:

     a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

     b.  Certifying this Count as a class action;

     c.  Awarding Plaintiffs statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT IV – Failure to Convey Time-Barred Oral Disclosures**

175. Plaintiff repeats and realleges the above allegations as though fully set forth herein.

176. The failure to orally disclose to Plaintiff that the subject debt is time-barred violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

177. On information and belief, on more than forty (40) other occasions, an agent of Defendant failed to inform consumers their debt being collected by MCM was time-barred.

178. Alternatively, if an agent of Defendant told Plaintiff was told during a telephone call that MCM or Midland "will not sue you" to collect the subject debt, Defendants violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA.

179. On information and belief, more than forty (40) other consumers were similarly misinformed.

180. Pursuant to 15 U.S.C. § 1692k, Plaintiff and each class member is entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certifying this Count as a class action;

c. Awarding Plaintiffs statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

    d.   Awarding Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;  and

    e.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT V – The Letters Fail to Properly and/or Adequately Explain the Time-Barred Nature of the Subject Debt

181.    Plaintiff repeats and realleges the above allegations as though fully set forth herein.

182.    The use of the phrase "we will not sue you" to collect the subject debt violates Sections 1692e, 1692e(2)(A), 1692e(10) and Section 1692f of the FDCPA because this phrase failed to properly and/or adequately explain the time-barred nature of the subject debt(s).

183.    Pursuant to 15 U.S.C. § 1692k, Plaintiff and each class member is entitled to actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in their favor and against Defendants as follows:

    a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.   Certifying this Count as a class action;

    c.   Awarding Plaintiffs statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

    d.   Awarding Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;  and

    e.   Awarding any other relief as this Honorable Court deems just and appropriate.

### VII.   Additional Class Based Allegations

184.    During the relevant time-period, MCM received payments from consumers who were sent a collection letter identical or similar to the ones identified in this Civil

Action, where the consumers' debts had previously been determined to be time-barred by one or more of the Defendants.

185.   During the relevant time-period, MCM received payments from over forty consumers who were sent a collection letter identical or similar to the ones identified in this Civil Action, where the consumers' debts had previously been determined to be time-barred one or more of the Defendants.

186.   On information and belief, during the relevant time-period, Defendants collected over $500,000 in funds related to debt that Defendants have previously determined to be time-barred debt.

187.   On information and belief, during the relevant time-period, Defendants collected over $1,000,000 in funds related to debt that Defendants have previously determined to be time-barred debt.

188.   On information and belief, during the relevant time-period, Defendants collected over $1,500,000 in funds related to debt that Defendants have previously determined to be time-barred debt.

189.   On information and belief, during the relevant time-period, Defendants collected over $2,000,000 in funds related to debt that Defendants have previously determined to be time-barred debt.

190.   During the relevant time-period, after Defendants collected partial payments from consumers relative to previously time-barred debts, where at least forty consumers have defaulted on paying off the remainder of their debts.

191.   The proposed classes and sub-classes are so numerous that joinder of all individual members in one action would be impracticable, given the expected Class size and modest value of individual claims.

192. With regard to each class and sub-class, over 40 persons received letters containing the above quoted language letter during this proposed time-period.

193. With regard to each class and sub-class, over 100 persons received letters containing the above quoted language letter during this proposed time-period.

194. With regard to each class and sub-class, over 200 persons received letters containing the above quoted language letter during this proposed time-period.

195. With regard to each class and sub-class, over 500 persons received letters containing the above quoted language letter during this proposed time-period.

196. With regard to each class and sub-class, over 1,000 persons received letters containing the above quoted language letter during this proposed time-period.

197. Putative class members have suffered damages in the form of paying Defendants for a time-barred debt where Defendants did not properly disclose to class members and they could not sue the consumers for the subject debts.

198. There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to whether Defendants mailed form letters in the manner alleged above to other individuals and as set forth in each proposed class definition.

199. Plaintiff will fairly and adequately represent the putative Class Members.

200. Plaintiff has no interests that conflict with the interests of Class Members.

201. Plaintiff has retained attorney James C. Vlahakis to prosecute this civil action as a class action.

202. Mr. Vlahakis experienced in prosecuting and defending consumer class actions involving the FDCPA.

203.   Neither Plaintiffs nor their counsel has any interests that might cause them not to pursue these claims vigorously.

204.   Maintenance of this civil action as a class action because the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

**VIII.   Proposed Class Definitions**

205.   Plaintiff intends to certify one or more of the proposed classes for each proposed Count, for a time-period from December 24, 2017, through the later of the following dates – the dates this class is certified, the day notice is transmitted, or the last date that Defendants stop the offending conduct.

206.   Defendants' account and collection records can will serve to identify the conduct complained of and the class members subject to the complained of conduct:

**A.  Count I - Proposed Class For Failing to Properly Identify the Applicable Statute of Limitations Period Used Prior to Transmitting the Subject Letters**

207.   A proposed *Texas* based class of residents can be defined as follows:

> All persons with Texas addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

>> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

> And the subject collection letters failed to identify expiration date or or the method and manner by which Defendants determined that the subject debt was time-barred.

208.   A proposed *Illinois* based class of residents can be defined as follows:

> All persons with Illinois addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

And the subject collection letters failed to identify expiration date or or the method and manner by which Defendants determined that the subject debt was time-barred.

209. Alternatively, the proposed classes can be limited to debts where the original creditor(s) are listed as Avant Credit III Trust and/or Avant, Inc.

**B. Count II - Proposed Class For Collection Letters Identifying a False and/or Deceptive "Default Date"**

210. A proposed *Texas* based class of residents can be defined as follows:

All persons with Texas addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

And where the "default date" identified in each collection letter is false and/or misleading.

211. A proposed *Illinois* based class of residents can be defined as follows:

All persons with Illinois addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

And where the "default date" identified in each collection letter is false and/or misleading.

212. Alternatively, the proposed classes can be limited to debts where the original creditor(s) are listed as Avant Credit III Trust and/or Avant, Inc.

**C. Count III - Proposed Class For Collection Letters That Fail to Adequately Identify the Creditor**

213. A proposed *Texas* based class of residents can be defined as follows:

All persons with Texas addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

And where the collection letters jointly identify Avant Credit III Trust and Avant, Inc.

214. A proposed *Illinois* based class of residents can be defined as follows:

All persons with Illinois addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

And where the collection letters jointly identify Avant Credit III Trust and Avant, Inc.

**D. Count IV – Proposed Class For Failing to Make Proper Oral Disclosures Regarding the Time-Barred Nature of the Subject Debts**

215. A proposed *Texas* based class of residents can be defined as follows:

All persons with Texas addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

And Defendants' collection records fail to demonstrate that collection agents utilized oral disclosures to alert consumers to the time-barred nature of the subject debts.

216. A proposed *Illinois* based class of residents can be defined as follows:

All persons with Illinois addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

And Defendants' collection records fail to demonstrate that collection agents utilized oral disclosures to alert consumers to the time-barred nature of the subject debts.

217. Alternatively, the proposed classes can be limited to debts where the original creditor(s) are listed as Avant Credit III Trust and/or Avant, Inc.

**E. Count V – Proposed Class For Failing to Properly Disclose the Time-Barred Nature of the Subject Debts**

218. A proposed *Texas* based class of residents can be defined as follows:

All persons with Texas addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it**

219. A proposed *Illinois* based class of residents can be defined as follows:

All persons with Illinois addresses to whom Midland Credit Management, Inc. sent a consumer debt collection letter containing the following statement:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.**

220. Alternatively, the proposed classes can be limited to debts where the original creditor(s) are listed as Avant Credit III Trust and/or Avant, Inc.

WHEREFORE, Plaintiff ENRIQUE ESCOBAR respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and in favor of a putative class, and against Defendants, as follows:

    a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. certifying the proposed classes;

    c. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying violations;

    d.  awarding Plaintiff costs and reasonable attorney fees;

    e.  awarding actual damages to class members who paid monies to Defendants after receiving a collection letter containing the subject language; and

    f.  awarding any other relief as this Honorable Court deems just and appropriate.

***Plaintiff demands a jury trial***

February 13, 2019


Respectfully Submitted,


By: ___/s/ *James C. Vlahakis*

James C. Vlahakis (lead counsel)
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181
(630) 575-8188 facsimile
jvlahakis@sulaimanlaw.com

Omar T. Sulaiman
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181
(630) 575-8188 facsimile
osulaiman@sulaimanlaw.com

Marwan R. Daher
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 537-1770
(630) 575-8188 facsimile
mdaher@sulaimanlaw.com